# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jul 07, 2022
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Javeris M. Lampley<br>(DOB: 4/26/1993)<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 22-M-471 (SCD)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 7, 2022__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & (b)(1)(C); 18 U.S.C. § 2(a) | Possession with Intent to Distribute, and Distribution of a Controlled Substance |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a Firearm in Furtherance of a Drug-Trafficking Crime |
| 18 U.S.C. §§ 922(g) and 924(a)(2) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

DCI SA Jay Novak
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: 7-7-22

_____
Judge's signature

City and state: Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jay Novak, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the Wisconsin Department of Justice, Division of Criminal Investigation ("WI DOJ / DCI") since October 1992, assigned to Narcotics in the Milwaukee Field Office. I am also a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). As an ATF Task Force Officer since 2018, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2. In connection with my official DCI and ATF duties, I investigate criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 924(c), 1956 and 1957, Title 21, United States Code, Sections 841, 843, 846, 848, 952, and 963. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances. I have participated in the execution of multiple federal search warrants.

3. I have received training in the area of controlled substances investigations, money laundering, financial investigations, and various methods that drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in numerous investigations involving violations of state and federal controlled substances laws. I have participated or assisted in numerous federal and state search warrants for narcotic related

1

offenses that have resulted in the seizure of United States currency, vehicles, real estate, and jewelry from individuals involved in narcotics trafficking.

4. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers, who were directly involved in the matter or have personal knowledge of the facts herein. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

5. Because this affidavit is submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

6. I am submitting this affidavit in support of a Federal Criminal Complaint for **Javeris M. Lampley** (DOB: 4/26/1993), in the State and Eastern District of Wisconsin. As will be shown below, there is probable cause to believe that on various dates between January and June of 2022, **Lampley** committed the crime of Distribution of Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and that on or about July 7, 2022, **Lampley** committed the crime of Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), and Title 18, United States Code, Section 2(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and Felon Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## PROBABLE CAUSE

7. Since August of 2021, an investigation has revealed that **Lampley** and Carmen Mikal Cunningham (DOB: xx/xx/93), **Lampley's** girlfriend, have been frequently and consistently distributing heroin and fentanyl in the Milwaukee area, with the most recent controlled buy occurring on June 13, 2022. On July 7, 2022, two residences associated with **Lampley** and Cunningham were searched pursuant to federal search warrants. At the time of execution, numerous evidentiary items were seized, to include controlled substances and firearms.

### January 12, 2022, Surveillance and Contact with CI-3

8. On January 12, 2022, SAs Jay Novak and Luke Hepp conducted surveillance of Cunningham who was driving a 2019 RAM 1500 Pickup Truck, black in color, bearing WI temporary registration U6927U. At approximately 5:51 p.m., SA Hepp observed the RAM pull directly alongside another vehicle for a brief moment on N. 86th Street, just north of W. Helena Street. SAs Novak and Hepp were familiar with this vehicle from previous surveillance and believed Cunningham had just sold narcotics to the occupant(s) of this vehicle.

9. At approximately 6:00 p.m., SAs Hepp and Novak conducted a traffic stop of this vehicle and identified the driver and sole occupant, hereinafter referred to as CI-3. CI-3 advised s/he had just obtained heroin from a woman who was driving a black RAM, whom CI-3 only knew as "Ralo's girlfriend." CI-3 turned over to SA Hepp a green paper fold containing the suspected heroin which s/he had just purchased.

10. SA Hepp later subjected a sample of the suspected heroin to a Nark II field test which resulted in a positive test for the presence of heroin. The suspected heroin weighed approximately 0.7 grams without packaging.

### Information from CI-3[1]

11.     On January 12, 2022, and January 19, 2022, WI DOJ-DCI Special Agents (SAs) Luke Hepp and Jay Novak conducted interviews of DCI Confidential Informant #3447 (CI-3) regarding heroin traffickers operating in the Milwaukee area. CI-3 advised three individuals utilize the same telephone, (414) 391-9210, to distribute heroin. CI-3 identified these individuals as a black male whom s/he knows as "Ralo," a black male CI-3 believed was "Ralo's" brother, and a black female the CI believed was "Ralo's" girlfriend. SA Hepp showed a WI DOT photograph of **Javeris M. Lampley** (B/M, 04/26/93) to CI-3, and CI-3 positively identified **Lampley** as the individual CI-3 knows as "Ralo."

12.     CI-3 advised s/he obtained approximately 1 gram of heroin from **Lampley** or the other two individuals every day or every other day for about one year, beginning in January of 2021. CI-3 would call (414) 391-9210 and whoever possessed and answered (414) 391-9210 would direct CI-3 to a particular location to meet. Upon arrival at that location, CI-3 would either approach the supplier's vehicle on foot and provide money in exchange for heroin, or CI-3 would

---

[1] The facts set forth in the affidavit have been obtained by law enforcement officers who are presumed truthful and reliable as sworn police officers. Additionally, the facts set forth in the affidavit have been obtained by a confidential informant, hereinafter referred to as "CI-3." Additionally, your affiant advises the informant (CI-3) is believed to be truthful and reliable because CI-3 has provided information that has been corroborated by law enforcement. CI-3 has a criminal history consisting of three or fewer misdemeanor convictions and no felony convictions. CI-3 is motivated to work to receive consideration on a current felony charge pending against CI-3. CI-3 has a known history of illegal drug use. CI-3 has provided information to law enforcement in the past which has been independently corroborated by physical surveillance. To prevent disclosure of CI-3's identity, this affidavit contains only a generalized summary of CI-3's criminal history, factors impacting CI-3's credibility, and CI-3's perceived motivation to cooperate with law enforcement. Your affiant knows that disclosure of CI-3's identity could impact CI-3's willingness to continue to cooperate with law enforcement, jeopardize CI-3's safety, and discourage others from cooperating with law enforcement in the future.

pull CI-3's car alongside the supplier's vehicle and this transaction would occur through each vehicle's driver's window. CI-3 said the three individuals drove in a black pickup truck or a black Honda or Toyota sedan.

13. CI-3 also stated s/he did not know who would arrive and provide the heroin until CI-3 placed a call to (414) 391-9210. As indicated previously, it would be either **Lampley**, **Lampley's** "girlfriend," or **Lampley's** "brother." CI-3 said all three individuals sold heroin to CI-3 on numerous occasions.

### January 20, 2022, Controlled Purchase of Fentanyl from Lampley

14. On January 20, 2022, SAs Novak and Hepp conducted surveillance on the RAM (U6927U), which SAs Novak and Hepp know to be driven by **Lampley**. SA Hepp identified **Javeris Lampley** as the driver of the RAM while it was traveling westbound on W. Vine Street at approximately N. 25th Street in Milwaukee, WI.

15. SAs Novak and Hepp followed the RAM until **Lampley** parked it in the north lawn of 9299 N. Burbank Avenue, Milwaukee, WI. During an arrest of **Lampley** in December of 2015, **Lampley** provided the Glendale Police Department with his home address of 9299 N. Burbank Avenue. A red Toyota Camry bearing WI registration AKT-8342 was parked directly in front of 9299 N. Burbank Avenue. A query of WI DOT records revealed this license plate to be registered on a 2021 Toyota Camry, VIN: 4T1G11AK1MU429773, to EAN Holdings LLC, which SA Hepp knows to be the Enterprise/Alamo/National Rental Car company. A short time later, SA Novak observed **Lampley** enter the Camry with possibly 3 occupants and depart the area.

16. SA Hepp subsequently contacted corporate security for EAN Holdings. SA Hepp was advised the Camry was rented on January 20, 2022, and was due back on January 27, 2022.

In addition, the Camry was rented by Nicolette L. Williams (DOB: xx/xx/92) who provided her address as 9299 N. Burbank Avenue, Milwaukee, WI.

17. Later on January 20, 2022, SAs Sheridan and Hepp met with CI-3 at a pre-determined location. CI-3 placed a monitored and recorded call to (414) 391-9210 and a male answered. The male said he would call CI-3 back in approximately 10 minutes. Numerous other calls were exchanged between CI-3 and (414) 391-9210, and ultimately CI-3 recognized the voice on (414) 391-9210 as **Lampley's**. **Lampley** directed CI-3 to meet near N. 103rd Street and W. Silver Spring Drive in Milwaukee.

18. SA Sheridan conducted a search of CI-3 for weapons, contraband, or large sums of money with none located. SAs Sheridan and Hepp conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none located. SAs Hepp provided CI-3 with $130 in pre-recorded U.S. currency. SA Sheridan activated and provided to CI-3 an audio/video recording/transmitting device. SAs Hepp and Sheridan followed CI-3 from the pre-determined location directly to the area of N. 103rd Street and W. Silver Spring Avenue.

19. Upon arrival in the area, surveillance units observed the aforementioned red Toyota Camry (AKT-8342, WI) parked on N. 103rd Street just south of W. Silver Spring Drive. Just prior to CI-3 turning onto N. 103rd Street, the Camry turned westbound onto W. Sheridan Avenue then conducted a U-turn. CI-3 turned westbound onto W. Sheridan Avenue from N. 103rd Street and pulled up directly alongside the Camry at which time a hand-to-hand exchange occurred between CI-3 and the driver of the Camry. Both vehicles departed the area.

20. SAs Sheridan and Hepp maintained a visual of CI-3 and followed CI-3 to a pre-determined location. Upon arrival, CI-3 turned over to SA Hepp a piece of folded yellow paper containing a gray powdery substance, believed to be fentanyl. CI-3 advised s/he pulled alongside

the Camry and observed that **Lampley** was driving. CI-3 provided the $130 in pre-recorded U.S. currency to **Lampley** and **Lampley** provided the folded yellow paper containing the suspected fentanyl to CI-3. SA Sheridan conducted a search of CI-3 for weapons, contraband, or large sums of money with none located. SAs Sheridan and Hepp conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none located.

21. SA Hepp later subjected a sample of the suspected fentanyl to a Nark II #33 Fentanyl Reagant field test, which resulted in a positive test for the presence of fentanyl. The suspected fentanyl weighted approximately 0.8 grams without packaging.

### April 1, 2022, Controlled Purchase of Heroin from Cunningham

22. On April 1, 2022, CI-3 placed a monitored and recorded call to the (414) 391-9210 and a female answered who CI-3 recognized to be **Lampley's** "girlfriend," Cunningham. CI-3 asked to meet to purchase "a G," which CI-3 later confirmed to SA Hepp to mean one gram of fentanyl. Cunningham confirmed that she could meet CI-3 to sell that gram of heroin. Cunningham told CI-3 to call again when CI-3 was on W. Good Hope Road in Milwaukee.

23. SAs Jeff Hale and Hepp met with CI-3 at a pre-determined location. SA Hepp conducted a search of CI-3 for weapons, contraband, or large sums of money with none located. SA Hale conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none located. SA Hepp provided CI-3 with $130 in pre-recorded U.S. currency. SA Hepp activated and provided to CI-3 an audio/video recording/transmitting device. SAs Hepp and Hale followed CI-1 from the pre-determined location directly to W. Good Hope Road. Upon arrival, numerous additional calls and text messages were exchanged between CI-3 and Cunningham on the (414) 391-9210. Cunningham ultimately directed CI-3 to a restaurant located at 9080 N. Green Bay Road. SAs Hale and Hepp followed CI-3 directly there.

7

24. As CI-3 was driving toward 9080 N. Green Bay Road, SA Novak observed Cunningham driving her black Honda Accord, bearing Wisconsin registration ANB-3395, as she exited the underground parking garage for 8720 N. Deerwood Drive, Brown, Deer, WI. SA Novak followed Cunningham directly to 9080 N. Green Bay Road where she parked. SA Hepp observed CI-3 arrive at 9080 N. Green Bay Road and park directly next to Cunningham. SA Hepp observed CI-3 exit CI-3's vehicle and enter the front passenger seat of Cunningham's Accord. After approximately one minute, SA Hepp observed CI-3 exit Cunningham's Accord, re-enter CI-3's vehicle, and depart the area.

25. SAs Hale and Hepp maintained a visual of CI-3 and followed CI-3 to a pre-determined location. Upon arrival, CI-3 directed SA Hepp to a piece of folded yellow paper from the front passenger seat of CI-3's vehicle and advised that it contained the fentanyl CI-3 purchased from Cunningham. SA Hepp recovered the suspected fentanyl. CI-3 advised s/he entered the front passenger seat of the Honda Accord and CI-1 provided the $130 in pre-recorded U.S. currency to Cunningham. Cunningham then provided the folded yellow paper containing the suspected fentanyl to CI-3. SA Hepp conducted a search of CI-3 for weapons, contraband, or large sums of money with none located. SA Hale conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none located.

26. SA Hepp later subjected a sample of the suspected fentanyl to a Mecke's Modified Reagant #11 field test which resulted in a positive test for the presence of heroin. The suspected heroin weighed approximately 0.8 grams without packaging.

8

### June 13, 2022, Controlled Purchase of Heroin from Lampley and Kelley Hollins

27. On June 13, 2022, CI-3 placed a recorded and monitored call to (262) 765-7581 and a male answered. CI-3 advised s/he recognized the voice as that of **Lampley's**. CI-3 asked to purchase 1 gram of heroin ("a gram") from **Lampley**, and **Lampley** agreed.

28. SAs Hepp and Sheridan met with CI-3 at a pre-determined location. SA Sheridan conducted a search of the CI for weapons, contraband, or large sums of money with none being located. SAs Hepp and Sheridan conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none being located. SA Hepp provided CI-3 with $130 in pre-recorded U.S. currency. SA Hepp also provided CI-3 with a covert audio transmitting device. Numerous additional recorded and monitored calls were made from CI-3 to **Lampley** at (262) 765-7581. Lampley ultimately directed CI-3 to N. 85th Street north of W. Brown Deer Road. SAs Hepp and Sheridan followed CI-3 directly there.

29. As CI-3 was parked on N. 85th Street at approximately 3:48 p.m., SA Novak maintained a constant visual of CI-3. At 3:52 p.m. SA Hepp observed a silver Toyota Camry, bearing WI registration ADL-5554, parked at 9299 N. Burbank Avenue, Milwaukee, WI, a residence closely associated with **Lampley**. A subsequent query of the WI DOT revealed the license plate to be registered to a 2021 Toyota Camry, silver, VIN: 4T1C11AK2MU535342 to Tiana L. Tyson (DOB: xx/xx/2000) at 1407 N. Dr. Martin Luther King Jr Drive, #108, Milwaukee, WI. Court authorized location data also revealed the (262) 765-7581 phone was in the immediate vicinity of 9299 N. Burbank Avenue.

30. At approximately 4:08 p.m., CI-3 placed another recorded and monitored call to **Lampley** at (262) 765-7581. **Lampley** advised, "…we turning the corner right now." At approximately 4:17 p.m., SA Hepp observed the aforementioned silver Camry (ADL-5554, WI)

9

on W. Allyn Court just east of N. 85th Street. This was approximately one block away from CI-3. At approximately 4:18 p.m., SA Novak observed the Camry pull up directly alongside CI-3's vehicle. SA Novak observed the rear passenger-side door of the Camry open, which was alongside CI-3's driver's door. The Camry then departed the area.

31. SAs Hale and Hepp maintained a visual of CI-3 and followed CI-3 to a pre-determined location. Upon arrival, CI-3 provided SA Hepp with a piece of folded green paper and advised that it contained the heroin CI-3 purchased. SA Hepp recovered the suspected heroin. CI-3 advised that the Camry pulled up alongside the CI-3's vehicle and a B/M in the rear passenger seat asked again much CI-3 wanted. CI-3 recognized this B/M as the individual CI-3 referred to as **Lampley's** "brother," and described him as having long dreads. This individual was subsequently identified as Kelly J. Hollins (DOB: xx/xx/1991). CI-3 reminded him that CI-3 wanted 1 gram. Hollins closed the window, then opened his car door a short time later and provided the green paper fold to CI-3 in exchange for the $130 in prerecorded currency. SA Hepp conducted a search of CI-3 for weapons, contraband, or large sums of money with none located. SA Hale conducted a search of CI-3's vehicle for weapons, contraband, or large sums of money with none located.

32. SA Hepp later subjected a sample of the suspected heroin to a Nark II field test which resulted in a positive test for the presence of heroin. The suspected heroin weighed approximately 1.5 grams without packaging.

33. SA Novak followed the Camry directly to Andy's gas station, 8200 W. Brown Deer Road, where a B/M with long dreads and wearing a green t-shirt and black pants exited the Camry and walked into the gas station. Case agents observed a W/M and Lampley's "brother" then enter the rear seat of the Camry. After a brief moment, at approximately 4:24 p.m., the W/M exited the

Camry and entered the passenger seat of an awaiting vehicle. Case agents believe the W/M obtained narcotics from the occupants of the Camry.

34. Case agents continued to follow the Camry as it eventually traveled southbound on N. Servite Drive, just south of W. Brown Deer Road. Case agents observed the Camry pull up alongside a W/M with a bicycle at approximately 4:56 p.m. SA Novak observed a suspected hand-to-hand narcotics transaction between the W/M on the bicycle and the driver of the Camry through the open driver's door.

35. SA Hepp continued to monitor the electronic data pertaining to the location of (262) 765-7581. At approximately 7:54 p.m., this data revealed the phone was in the vicinity of Cunningham and **Lampley's** apartment at 4352 S. 110th Street, Greenfield, WI. SA Hepp reviewed the apartment's security cameras and observed that the silver Camry entered the apartment's garage at approximately 7:58 p.m. (per the camera's time stamp) followed by Hollins who was walking. The Camry and Hollins both went south, out of the view of the camera, but where **Lampley** and Cunningham typically park. After a few minutes, Hollins, **Lampley**, and a B/F appear from where the car was parked and entered the elevator. All three individuals took the elevator, traveled to the 2nd floor, and entered **Lampley** and Cunningham's apartment unit, 4352 S. 110th Street. SA Hepp viewed the WI DOT photograph of Tyson and confirmed she was the B/F with **Lampley** and Hollins.

## Search Warrants

36. Law enforcement is aware that Cunningham and **Lampley** currently reside at both 4352 S. 110th Street, Greenfield, WI and 4742 W. Deer Run Drive, Brown Deer, WI but had access to 9299 N. Burbank Avenue. The vehicles they operate—including the 2018 Honda Accord and 2019 RAM, which are commonly used in drug deals—have been observed at all three locations.

Cunningham is the listed tenant of the residences in Greenfield and Brown Deer and **Lampley's** sister and other family members reside at 9299 N. Burbank Avenue.

37. On July 6, 2022, the Honorable James Sickel, United States Magistrate Judge, Eastern District of Wisconsin, signed search warrants authorizing the search of 4742 W. Deer Run Drive #104, Brown Deer, WI, and 4352 S. 110th Street, Greenfield, WI.

38. On July 7, 2022, at approximately 6:00 a.m., these warrants were executed. **Lampley** was taken into custody at 4352 S. 110th Street. A subsequent search of the apartment resulted in the recovery of a sub-compact semi-automatic .22 caliber rifle, two handguns, approximately 41 grams of suspected fentanyl and approximately 19 grams of suspected crack cocaine. A TruNarc test of the suspected fentanyl revealed a positive result for the presence of fentanyl/fentanyl compound. A TruNarc test of the suspected crack cocaine revealed a positive result for the presence of crack cocaine. In addition, numerous active cellular telephones were recovered, including the phone assigned (262) 765-7581.

39. Also on July 7, 2022, Cunningham was taken into custody at 4742 W. Deer Run Drive #104. A subsequent search of this apartment resulted in the recovery of more than 500 grams of suspected heroin, and several thousand dollars in U.S. currency, believed to be proceeds from the sales of illegal narcotics. In addition, numerous documents and two of Cunningham's WI Driver's licenses were recovered.

40. Based upon court records, **Lampley** has been convicted of "Vehicle Operator Flee/Elude Officer," a felony, in the *State of Wisconsin v. Javeris M. Lampley*, Milwaukee County Case Number 2015CF4535. Accordingly, **Lampley** is a convicted felon and unable to possess firearms.

## CONCLUSION

41. Based on the forgoing, I believe that there is probable cause to believe that **Lampley** committed the crime of Distribution of Controlled Substances and Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), and Title 18, United States Code, Section 2(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and Felon Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).